Cassie K. Jones, OSB 083806
jones@gleaveslaw.com
Gleaves Swearingen LLP
975 Oak St. #800
Eugene, OR 97401
Telephone: (541) 686-8833

Margaret A. Gisch, Esq. (*Pro Hac Vice Pending*) (IL State Bar No. 6204431)
Email: magisch@gct.law
Sarah K. Dunkley, Esq. (*Pro Hac Vice Pending*) (IL State Bar No. 6329204)
Email: skdunkley@gct.law
GOLAN | CHRISTIE | TAGLIA LLP
70 W. Madison, Suite 1500
Chicago, IL 60602
Telephone: (312) 263-2300

*Counsel for William W. Meyer and Sons, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGEON

EUGENE DISTRICT

| | |
|---|---|
| PMM HOLDINGS, LLC, and PRECISION MACHINE AND MANUFACTURING, INC.;<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM W. MEYER AND SONS, INC.;<br><br>Defendant. | Case No. 6:26-cv-1394<br><br>ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES |

Defendant William W. Meyer and Sons, Inc. ("Meyer") by its attorneys, Margaret A. Gisch, Sarah K. Dunkley and Cassie K. Jones, hereby submit its answer to the Complaint. In support, Meyer states as follows:

## JURISDICTION AND VENUE

1. Defendant admits the allegations of Paragraph 1.

2. Defendant admits the allegations of Paragraph 2.

3. Defendant admits the allegations of Paragraph 3.

## PARTIES AND THEIR AGENTS

4. Defendant admits the allegations of Paragraph 4.

5. Defendant admits the allegations of Paragraph 5.

6. Defendant admits the allegations of Paragraph 6.

## FACTS COMMON TO ALL CLAIMS

7. In response to Paragraph 7, Defendant admits that Precision is in the business of designing, manufacturing and selling industrial machinery, primarily heavy duty rotary airlock feeders, rotary valve airlocks and screw conveyors as components for material handling systems. Defendant has insufficient knowledge or information to admit or deny the remaining allegations of Paragraph 7 and therefore denies same.

8. In response to Paragraph 8, Defendant admits that it signed the Meyer NDA attached as Exhibit 1 to the Complaint, and that it was signed by Charles Meyer as CEO of Meyer and asserts that the document speaks for itself. Defendant denies all allegations inconsistent with Exhibit 1 and all remaining allegations of Paragraph 8.

9. Defendant admits the allegations of Paragraph 9 and its subparts.

10. In response to Paragraph 10, Defendant admits that, following the execution of the Meyer NDA, Charlie Meyer, CEO of Meyer, visited Precision's facilities, guided by Precision CEO Don Lindsey, during which time Mr. Lindsey provided information on Precision's business operations. Defendant denies all remaining allegations of Paragraph 10.

11. Defendant has insufficient knowledge or information to admit or deny the allegations of Paragraph 11 and therefore denies same.

12. Defendant denies the allegations of Paragraph 12 and all its subparts.

13. Paragraph 13 alleges legal conclusions to which no answer is required. To the extent any answer is required, Defendant denies the allegations of Paragraph 13.

14. Paragraph 14 alleges legal conclusions to which no answer is required. To the extent any answer is required, Defendant denies the allegations of Paragraph 14.

15. Paragraph 15 alleges legal conclusions, to which no answer is required. To the extent any answer is required, Defendant denies the allegations of Paragraph 15.

## CAUSES OF ACTION

### First Claim for Relief

### (Breach of the Meyer NDA)

16. Defendant repeats and realleges its answers to Paragraphs 1 through 15.

17. In response to Paragraph 17, Defendant asserts that the Meyer NDA speaks for itself and denies all allegations inconsistent with the Meyer NDA and any other allegations of Paragraph 17.

18. Paragraph 18 alleges legal conclusions, to which no answer is required. To the extent any answer is required, Defendant denies the allegations of Paragraph 18.

19. Defendant denies the allegations of paragraph 19 and all its sub-parts.

20. Paragraph 20 alleges legal conclusions, to which no answer is required. To the extent any answer is required, Defendant denies the allegations of Paragraph 20.

### Second Claim for Relief

### (Misappropriation of Trade Secrets)

21. Defendant repeats and realleges its answers to Paragraphs 1 through 15.

22. Defendant has insufficient knowledge or information to admit or deny the allegations of Paragraph 22 and therefore denies same.

23. Defendant has insufficient knowledge or information to admit or deny the allegations of Paragraph 23 and therefore denies same.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Paragraph 26 alleges legal conclusions, to which no answer is required. To the extent any answer is required, Defendant denies the allegations of Paragraph 26 and all its subparts.

27. Defendant denies the allegations of paragraph 27.

28. Paragraph 28 alleges legal conclusions, to which no answer is required. To the extent any answer is required, Defendant denies the allegations of Paragraph 28.

## Third Claim for Relief

(**Tortious Interference with Contract**)

29. Defendant repeats and realleges its answers to Paragraphs 1 through 15.

30. In response to Paragraph 30, Defendant admits that DHG was Precision's customer. Defendant denies that PMM had any customer relationship with DHG. With respect to the remaining allegations, Defendant has no direct knowledge of the allegations contained in Paragraph 30 and therefore denies same.

31. Defendant denies the allegations of Paragraph 31.

32. Paragraph 32 alleges legal conclusions, to which no answer is required. To the extent any answer is required, Defendant denies the allegations of Paragraph 32.

33. Paragraph 33 alleges legal conclusions, to which no answer is required. To the extent any answer is required, Defendant denies the allegations of Paragraph 33.

**Fifth Claim for Relief**[1]

(**Intentional Interference with Prospective Economic Relations**)

34. Defendant repeats and realleges its answers to Paragraphs 1 through 15.

35. Defendant has insufficient knowledge or information to admit or deny the allegations of Paragraph 35 and therefore denies same.

36. In response to Paragraph 36, Defendant admits that prior to signing an NDA that Defendant was aware that DHG and Precision did business together. Defendant denies any misconduct and denies all remaining allegations of Paragraph 36.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

40. Defendant denies the allegations of Paragraph 40.

**Sixth Claim for Relief**

(**Fraud)**

41. Defendant repeats and realleges its answers to Paragraphs 1 through 15.

42. In response to Paragraph 42, Defendant admits that it had an interest in potentially purchasing Precision and signed an NDA to keep "Confidential Information" confidential as set forth therein. Defendant denies all remaining allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

---

[1] Plaintiffs' Complaint includes claim numbering that skips a "Fourth Claim for Relief".

## AFFIRMATIVE DEFENSES

For the **FIRST AFFIRMATIVE DEFENSE**, Defendant alleges:

**(Failure to State a Claim)**

46. Plaintiffs' claims fail to state sufficient facts to constitute claims for relief against Defendant.

For the **SECOND AFFIRMATIVE DEFENSE**, Defendant alleges:

(**Improper Party**)

47. PMM is not a proper party to this lawsuit. PMM did not sign the NDA. PMM does not own any of the confidential information or trade secrets at issue.

For the **THIRD AFFIRMATIVE DEFENSE**, Defendant alleges:

(**Estoppel**)

48. Plaintiffs are estopped from claiming misappropriation of trade secrets and confidential information. Precision was aware that Defendant had an existing vendor relationship with DHG and specifically that Defendant was manufacturing the same rotary air valves that are the subject of this lawsuit.

For the **FOURTH AFFIRMATIVE DEFENSE**, Defendant alleges:

(**Laches**)

49. Plaintiffs are barred by the doctrine of laches from claiming misappropriation of trade secrets and/or confidential information due to (a) having knowledge of Defendant's production of DHG's rotary air valves prior to signing the NDA; (b) having knowledge of Defendant's production of DHG's rotary air valves prior to sharing trade secret and proprietary information; and (c) having failed to pursue its claims in a timely manner having waited years to bring this lawsuit.

For the **FIFTH AFFIRMATIVE DEFENSE**, Defendant alleges:

(**Waiver**)

50. Plaintiffs have waived their right to claim misappropriation of trade secrets and/or confidential information by having provided its own rotary air valve information to Defendant; knowing Defendant to be manufacturing DHG's rotary air valves; and by providing information again after hearing of Defendant's production of rotary air valves for DHG.

For the **SIXTH AFFIRMATIVE DEFENSE**, Defendant alleges:

(**Plaintiff's Information is Not Subject to Trade Secret Protection**)

51. Precision's products are susceptible to reverse engineering and therefore do not qualify for protection under any trade secret act.

52. Precision's products do not qualify as trade secrets since they are commonly made in the industry, and indeed Defendant has been making rotary air valves for decades. Customization of the rotary air valves does not make them trade secrets.

53. Precision lacks exclusive ownership in DHG's rotary air valve designs

For the **SEVENTH AFFIRMATIVE DEFENSE**, Defendant alleges:

(**Injunctive Relief Inequitable**)

54. Injunctive relief is inequitable given Plaintiff's knowledge of Defendant's vendor relationship with DHG prior to signing the NDA and prior to providing access to (allegedly) confidential and trade secret information which constitutes a material and prejudicial change of position.

For the **EIGHTH AFFIRMATIVE DEFENSE**, Defendant alleges:

(**Competitive Privilege**)

55. Defendant's actions were privileged or justified as a competitor based on its pre-

existing relationship with DHG, its ongoing production of rotary air valves, and Plaintiffs' knowledge of same.

For the **NINTH AFFIRMATIVE DEFENSE**, Defendant alleges:

(**Statute of Limitations**)

56. Plaintiffs' tort claims are barred by the two-year statute of limitations under Oregon 12.110(1).

For the **TENTH AFFIRMATIVE DEFENSE**, Defendant alleges:

(**Pre-Emption**)

57. Plaintiffs' tort claims (Third, Fifth and Sixth Claims for Relief)are all barred by the pre-emption of the Oregon Trade Secret Act since they are based entirely on the same operative facts that form the basis of (and is therefore inseparable from) Plaintiffs' misappropriation claims and the misappropriation constitute the essence of the tort claims. *See* ORS 646.473.

For the **ELEVENTH AFFIRMATIVE DEFENSE**, Defendant alleges:

(**Tortious Interference Inapplicable**)

58. Plaintiffs' claims of tortious interference fail because Plaintiffs do not have a protectible business relationship with DHG or one that was interfered with.

59. Plaintiffs' claims of tortious interference fail because Defendant was, at all times, acting with a legitimate business purpose and had no intention of injuring Plaintiffs or any (alleged) relationship with DHG.

For the **TWELFTH AFFIRMATIVE DEFENSE**, Defendant alleges:

(**Expired Contract**)

60. Plaintiffs' NDA expired prior to the initiation of this lawsuit.

## PRAYER

WHEREFORE, Defendant Prays that this Court DENY all claims for relief requested in the Complaint and find in favor of Defendant and against Plaintiff on all claims and award Defendant its costs and disbursements incurred herein.

## JURY DEMAND

Defendant hereby requests and demands trial by jury on all claims so triable.

Dated this 21st day of September, 2026.

Respectfully submitted,

GLEAVES SWEARINGEN LLP

By: *<u>/s/</u>* <u>Cassie K. Jones</u>
Cassie K. Jones, OSB No. 083806
jones@gleaveslaw.com
975 Oak St., Suite 800
Eugene, OR 97440
Phone: (541) 686-8833

*Local Counsel for William W. Meyer and Sons, Inc.*

GOLAN CHRISTIE TAGLIA LLP

By: *<u>/s/</u>* <u>Margaret A. Gisch</u>
Margaret A. Gisch, (*Pro Hac Vice Pending*)
(IL State Bar No. 6204431)
Email: magisch@gct.law
Telephone: (312) 263-2300

*Counsel for William W. Meyer and Sons, Inc.*

**CERTIFICATE OF SERVICE**

I, Cassie K. Jones, an attorney certify that I caused a copy of the Answer to Complaint and Affirmative Defenses to be served upon the following:

Todd R. Johnston
Hershner Hunter, LLP
675 Oak Street
Ste 400
Eugene, OR 97401
541-686-8511
Email: tjohnston@hershnerhunter.com

by causing a copy of same to be served electronically via CM/ECF this 21st day of September, 2026.

*/s/* Cassie K. Jones
Cassie K. Jones